## CITY AND COUNTY OF SACRAMENTO *v.* CHARLES CROCKER.

UNDER the Consolidation Act of 1858, the Board of Supervisors of the City and County of Sacramento have the power to levy a license tax upon the business of a merchant, and to collect such tax by ordinary suit.

An ordinance graduating the amount of such tax according to the amount of the monthly sales of the merchant, is not unconstitutional because the tax is unequal. The tax is not on the goods, but on the business, and the provision for determining the amount of the tax is uniform and equal, applying to all persons in the same category.

APPEAL from the County Court.

There is no need of any statement of facts. The suit was brought to test the constitutionality of the ordinance of the city and county of Sacramento taxing defendant's business as a merchant. Defendant paid the State, city and county taxes on his merchandise, and also the State and county license under the revenue law for the time during which the

license tax under the ordinance is claimed. The Justice gave judgment for plaintiff, and on appeal to the County Court, and a trial *de novo*, plaintiff again had judgment. Defendant appeals.

*E. B. Crocker*, for Appellant.

1. The Board of Supervisors had no power to authorize this suit.

Municipal corporations can only exercise such powers as are expressly given by statute, or their charters, and such as are absolutely necessary to the exercise of their enumerated powers. (*Dunbar* v. *San Francisco*, 1 Cal. 356; Id. 456, and cases cited; *Smith* v. *Morse*, 2 Id. 524, 538; *Low* v. *Marysville*, 5 Id. 214; 4 Hill, 76.)

The only remedy for a breach of the by-laws (ordinances) of a municipal corporation is that provided in the act of incorporation. (Grant on Corporations, 372, 364; *Kirk* v. *Norvell*, 1 Term, 124.)

Section four of the Consolidation Act (Statutes of 1858, 269) provides, that the Board of Supervisors shall have the further power, subject to the limitations of this act, to make ordinances not contrary to the Constitution and laws of this State, and to impose a fine or imprisonment, or both, for breaches thereof, etc. This provision contains the sole power conferred upon the Board for enforcing their ordinances and punishing a violation thereof, and nowhere is the power to enforce their ordinances by a civil action, in the nature of an action of debt, conferred upon the Board.

The ordinance not only attempts to provide for a civil action to enforce its provisions, but attempts to add a cumulative remedy by fine and imprisonment, the latter being the only mode or power conferred by the Legislature. In other words, the Supervisors attempt to impose a double penalty for a breach of the ordinance, when the Legislature has only given them the power to impose that by fine or imprisonment, or both.

We say they have attempted to provide for collecting the license tax by civil action, but a careful examination of section twenty-seven shows that the attempt has failed.

They provide that the District Attorney shall proceed to recover the license tax in accordance with law. But there is no law providing a mode of recovering such licenses by civil action. And if it be argued that the ordinance itself gives the right of action, the answer is, the ordinance is null and void, because no Board of Supervisors has the power to determine the civil rights and remedies of parties.

City and County of Sacramento v. Charles Crocker.

2. The ordinance is unconstitutional, because of its inequality of taxation. (*Pike* v. *The State*, 5 Pike, 204; 9 Dana, 516; 15 Mo. 3; 12 Ill. 138.)

Under the ordinance, the small merchant, whose sales amount to only five hundred dollars per month, is obliged to pay two per cent. per quarter on the amount of his sales, while the large dealer, who sells $16,000 per month, only pays about eighteen-hundredths of one per cent. A more gross inequality of taxation could not be devised.

The objection here is not that a different rate of taxation is imposed on different trades and occupations, but that persons in the same business are unequally taxed. Here the defendant had paid his State, county and city taxes in full, and he had also paid his State and county license tax. The defendant also gave in evidence his State and county license, which authorized him to sell goods in the county of Sacramento. Yet, here is an attempt to impose a double burden upon the merchants of this city.

It is a principle of common justice that the same property should not be twice burdened for the same tax, and consequently, in construing general powers bestowed on towns and cities to impose taxes, a construction ought not to be given which would subject the property of any individual or corporation to double taxation, etc. (*Bank of Georgia* v. *Savannah*, Dudley, [Geo.] 132, citing 10 Mass. 514; 7 Id. 461.)

*C. Cole, District Attorney*, for Respondent.

The first point made by appellant, namely, "that the Board of Supervisors had no power to authorize a civil action to recover city licenses," is answered by reference to section four of the Consolidation Act, (Statutes of 1858, 269) where the power is directly given to the Board of Supervisors " to fix and collect a license tax * * * on all trades, professions and business."

The authority to collect includes the manner of collecting, that is, by the ordinary civil proceedings. (*Burnett* v. *Sacramento*, 12 Cal. 76.)

Appellant's counsel bases his argument upon the first clause of that section, omitting any reference to the part just quoted. But section second of the same act (268) also contains ample authority for maintaining this action in the present form. By that section the plaintiffs are vested with all "rights of actions, moneys, revenues and income" appertaining to the city under the former charter. This would be suf-

9

ficient, even if the express power "to fix and collect" the license were not contained in any other portion of the act.

The general right of the city to collect a license tax is fully sustained by this Court in the late case of the *City of Sacramento* v. *The Stage Company* (12 Cal. 134).

As to the second point: absolute equality and uniformity in taxation can never be reached. (*People* v. *Coleman*, 4 Cal. 46.)

But the fixing of these licenses is wholly within the discretion of the Board of Supervisors. They may exempt any particular business from this occupation tax—or they may make the tax uniform on any one occupation, without reference to the amount of business done; or they may grade the tax as they have essayed to do in this instance.

But the appellant has no ground of complaint under this head, because there is nothing to show that all others in the same trade do not transact precisely the same amount of business with himself.

This Court will hardly take judicial notice that some other dealer in the same line trades a little more or a little less, and that appellant is, therefore, unfairly dealt by; nor will they take judicial notice that there are others in the same business in this city who may possibly be aggrieved by the said ordinance.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This was a suit brought before a Justice of the Peace to recover of the defendant a license tax assessed against him under an ordinance of the Board of Supervisors. The tax was levied as a license tax upon the business of defendant as a merchant. The appellant, defendant below, appeals from the judgment, assigning as errors:

1. That the Board of Supervisors have no power to enforce the ordinance affixing this tax by suit. It is a sufficient answer to say that by the third section of the Consolidation Act of 1858, (Statutes, 268) power is given to the Board of Supervisors "to levy taxes and cause the same to be collected," and by the fourth section (269) the Board has power to fix and collect a license tax on * * * all trades, professions and business." As the duty and power of causing this tax to be collected are given to this Board, we must presume, in the absence of anything to the contrary, that the Legislature meant to give to the Board the usual and appropriate means of doing what is enjoined or allowed; and we can conceive of no better mode of enforcing this requi-

sition than the ordinary process of law. Indeed, as no remedy seems to be given by distress or summary sale of the property, it would seem that this was the only mode of giving effect to the power, and without it the power itself would be nugatory. There can be no doubt that the vending of merchandise is a business within the meaning of the act.

2. It is urged that this tax is unconstitutional because unequal. The twenty-third section of the ordinance imposing this tax provides that every person transacting the business of a merchant shall pay a license tax as follows: Monthly sales not over $1,000 a quarter, ten dollars; between $1,000 and $2,000 per quarter, twelve dollars and fifty cents; $2,000 and $4,000, fifteen dollars; $4,000 and $6,000, seventeen dollars and fifty cents; and so forth. The finding is that the monthly sales of the defendant exceeded the sum of $2,000. This is not a tax on the goods, but a tax on the business of the merchant; and though the license price is graduated by the amount of sales, yet this is only the standard adopted for determining the amount of the license tax; and this provision is uniform and equal, applying to all persons in the same category. It is nothing to the small dealer, selling not over $1,000 a quarter, that a less percentage is charged on the sales (to express the idea in the language of appellant's argument) above the amount of his own. On that amount the charge is equal. At all events, we see no such violation of the Constitution as to warrant us in holding the ordinance void.

The other points need not be noticed.

Judgment affirmed.