[No. 10,164.]

## EX PARTE HURL.

SALE OF SPIRITUOUS LIQUORS.—It cannot be assumed judicially that a city ordinance requiring the payment of fifty dollars every ninety days for the privilege of retailing spirituous liquors in quantities less than one quart, is a virtual prohibition of the sale of such liquors.

LICENSE FOR THE PRIVILEGE OF SELLING SPIRITUOUS LIQUORS.—A city ordinance requiring the payment of a license every ninety days for the privilege of retailing spirituous liquors does not violate any provision of the Constitution.

LICENSE TO TRANSACT BUSINESS.—The power granted to the common council of a city to fix the rates of license for the privilege of transacting business, is a branch of the taxing power which is not affected by the constitutional requirement that taxes shall be uniform. The council, therefore, in fixing such rates, may discriminate and impose a larger license tax upon one class of business, such as retailing liquors, than on another.

LICENSE FOR DOING BUSINESS.—Clauses in a city charter requiring that the rates of license for the transaction of business fixed by the council shall be proportionate to the amount of business, and that the license shall be discriminating, only require that after the council, in the exercise of their authority to discriminate, has selected a business pursuit as the subject for license, the sum exacted from each person following that business shall be fixed by the amount of business done by each.

APPLICATION to the Chief Justice to be discharged from custody on *habeas corpus*.

The facts are stated in the opinion.

*James C. Martin,* for the Petitioner.

*H. Vrooman,* against the Discharge.

By the Court, WALLACE, C. J.:

On *habeas corpus.* The return to the writ is that the prisoner is detained in the custody of the Captain of Police of the city of Oakland, pursuant to a commitment issued from the Police Court of that city, which is set forth. The commitment recites that the prisoner has been convicted in that Court of the crime of violating an ordinance of the city of Oakland, entitled " an Ordinance establishing and regulating municipal licenses by unlawfully and maliciously engaging in and

transacting the business of selling and disposing of distilled and fermented liquors in quantities less than one quart, without having first obtained a license;" that upon such conviction he was fined the sum of twenty dollars. In default of the payment of which fine the Captain of Police is directed to take the prisoner into custody and detain him until he pay the said fine, etc.

The tenth section of the ordinance of the city of Oakland, establishing and regulating municipal licenses, is as follows: "10th. For all saloon-keepers, inn-keepers, and all persons who may sell and dispose of any spirituous, malt and fermented liquors or wines, in less quantities than one quart, whose gross sales or receipts are more than $10,000 per quarter, $100 per quarter, and for all those whose sales or gross receipts are less than $10,000 per quarter, $50 per quarter."

It is alleged in the petition upon which the writ was issued, "that the said ordinance is contrary to the Constitution and laws of the State of California, in violation of the charter of the said city of Oakland, and illegal and void."

At the argument I was not pointed to any provision of the Constitution, nor to any statute law of the State which the ordinance in question was supposed to contravene. It was insisted, however, that the ordinance was, in fact, a virtual prohibition of the sale of distilled liquors in quantities less than one quart. I am not satisfied of that. It certainly cannot be assumed that the exaction of $50 for the privilege of retailing spirituous liquors in the city of Oakland, for the period of ninety days, will, *per se*, put an end to that business.

It is next argued that the tenth section of the ordinance is, in itself, unreasonable and oppressive. This is sought to be shown by reference to other parts of the same ordinance, by which it appears that the license-tax imposed upon the business of retailing distilled liquors is greater than that imposed upon any other. This is to argue that, because the common council, in fixing the rates for licenses, have discriminated between the several business pursuits

which they were regulating, and have imposed a larger license-tax upon one pursuit than upon any another, the ordinance is oppressive and unreasonable. But to argue thus is to forget that the authority of the common council to fix the rates of license is a branch of the taxing-power —which is, in itself, the power to discriminate as to the objects upon which burdens are to be imposed—but which, not being taxation, pure and simple, is as yet untouched by the constitutional requirement of uniformity.

The fifty-second section of the charter which provides, in terms, that "licenses shall be discriminating," therefore, added nothing to the authority of the common council in that respect, already conferred by the preceding clause empowering them to grant licenses. Nor does the next succeeding clause of the fifty-second section, requiring that licenses shall be "proportionate to the amount of business," affect the question in hand. It only requires that after the common council, in the exercise of their authority to discriminate, shall have selected a named, or designated business pursuit as the proper subject for municipal license, the relative amounts to be exacted of all persons exercising or following that particular pursuit, shall be determined by reference to the amount of business done by each.

This requirement is observed by the ordinance in question. It imposes upon all retailers of intoxicating liquors whose business exceeds $10,000 per quarter, a license tax of one hundred dollars, and upon all whose business is less than that amount per quarter, a license tax of fifty dollars. This is proportionate to the amount of business, and is in obedience to the requirements of the charter in that respect.

I am of opinion that the ordinance in question is in all respects valid and sufficient to support the conviction under which the prisoner is held. He must, therefore, be remanded, and it is so ordered.