[No. 4836.]

## THE CITY OF SANTA BARBARA v. JOHN P. STEARNS.

A TAX ON BUSINESS.—A license fee or charge for the transaction of any business is a tax within the meaning of the term "tax" as employed in section 6 of Article VI of the Constitution, and in section 838 of the Code of Civil Procedure.

JURISDICTION OF POLICE COURTS.—A Police Court of a city has jurisdiction of actions for the violation of an ordinance of the city.

ACTION TO RECOVER TAX.—In an action brought in a Police Court to recover a license tax for the transaction of business, if the answer denies the legality of the tax, the Police Court cannot try the cause, but must transfer it to the District Court

APPEAL from the County Court, County of Santa Barbara.

On the 16th day of July, 1874, the Board of Trustees of the City of Santa Barbara passed the following ordinance:

"Section 1. Licenses to take tolls on wharves within the city limits shall be issued for one year, and the owner, proprietor or manager of each wharf on which tolls are taken, or wharfage is collected, shall procure from the city collector, on or before the twentieth day of July of each year, a 'Wharf License,' for which he shall pay the sum of fifty dollars per annum."

The defendant was the owner of a wharf in the city, and failed to pay the license for the year commencing July 20, 1874. This action was commenced against him in the Police Court of the city to recover the license. The defendant, in his answer, denied the legality of the tax. The plaintiff had judgment, and the defendant appealed to the County Court. The plaintiff recovered judgment in the County Court, and the defendant appealed. The other facts are stated in the opinion.

*Geo. Cadwalader,* for the Appellant.

Were the original jurisdiction of the Police Court over the action conceded—still the moment the legality of the tax was questioned the jurisdiction of the court ceased. (*People* v. *Mier,* 24 Cal. 61.) And the case should have been transferred to the District Court. (*Mahlstadt* v. *Blanc,* 34 Cal. 578.) That court, irrespective of the amount involved, alone had jurisdiction to determine the question. (Sec. 6, Art. VI, State Constitution.) The judgment of the County Court is reviewable by this court, in all cases which "*involve the legality of any tax.*" (Sec. 966, Code Civil Procedure.) And this court has appellate jurisdiction in "all cases at law which involve the legality of any tax." (Sec. 4, Art. VI, State Constitution.) The license was a tax. (*Attorney-General* v. *Squires,* 14 Cal. 18; *Ex parte Hurl,* 49 Cal. 557; Cooley on Limitations, 201; *Commonwealth* v. *Stodder,* 2 Cush. 573.)

*W. C. Stratton and Jo. Hamilton,* for the Respondent.

A license is not a *tax.* It is a permit, a privilege, a franchise to do a lawful act, for which a fee is charged. (*Thomas* v. *Armstrong,* 7 Cal. 286; *Anderson* v. *Doll,* 27 Cal. 607; *Chilvers* v. *People,* 11 Mich. 43; *Ash* v. *The People,* 11 Mich. 347; *The State* v. *Herod,* 29 Iowa, 123.)

The difference between a license and a tax. (*People* v. *Thurber,* 13 Ill. 557; *City of Boston* v. *Schaffer,* 9 Pick. 419; *State* v. *Hoboken,* 33 N. J. 280.

By the Court:

Action to recover the amount alleged to be due from the defendant for a wharf license, according to the provisions of an ordinance of said city.

The Police Court has jurisdiction of all proceedings for the violation of any ordinance of the city. (Pol. Code, sec. 4427.)

It is provided by section 933, Code of Civil Procedure, that "all proceedings in civil actions in Police Courts must, except as in this title otherwise provided, be conducted in the same manner as civil actions in Justices' Courts.

It appears by the answer in this case, verified by the oath of the defendant, that the determination of the action will necessarily involve the question of the legality of the charge for the license, if such charge is a tax within the meaning of section 838, Code of Civil Procedure, and section 6, Article 6, of the Constitution. A license charge or fee for the transaction of business, is in our opinion a tax within the meaning of the term "tax," as employed in those sections. It is not a tax within the meaning of section 13 of Article 11 of the Constitution, but is a tax in a large sense, as being a charge or burden imposed upon persons, property or business, to raise money for public purposes. (*People* v. *Coleman*, 4 Cal. 46; *People* v. *Raymond*, 34 Cal. 492; *Sacramento* v. *Crocker*, 16 Cal. 119; *Taylor* v. *Palmer*, 31 Cal. 240; *Emery* v. *Gas Co.*, 28 Cal. 345; *Emery* v. *Bradford*, 29 Cal. 75; *ex parte Hurl*, 49 Cal. 557; Cooley, Const. Lim., 201.)

The Police Court, therefore, upon the filing of the answer, had no jurisdiction to proceed with the trial of the action.

Judgment reversed and cause remanded, with directions to reverse the judgment of the Police Court, and remand the cause to that court, with directions to certify the pleadings in the cause to the clerk of the District Court of that county in accordance with the provisions of section 838, Code Civil Procedure.

Mr. Chief Justice WALLACE did not express an opinion in this case.