[No. 14858.    Department One. — July 23, 1892.]

THE CITY OF SANTA BARBARA, Respondent, *v.* A. ELDRED, Appellant.

Action for Taxes — Issue as to Legality — Transfer from Police Court to Superior Court — Construction of Code. — In an action brought in a police court to recover taxes, where the answer raises an issue as to the legality of the tax sought to be recovered, it is the duty of the court to transfer the action to the superior court for trial, under the provisions of section 838 of the Code of Civil Procedure, which applies to police courts as well as to justices' courts.

Id. — Void Judgment of Police Court — Appellate Jurisdiction. — Where the verified answer in such action discloses facts which require a transfer of the cause to the superior court, from the time of the filing of the answer the police court is ousted of its jurisdiction to proceed further upon the merits presented by the pleadings, and a judgment rendered therein is void, and the superior court has no appellate jurisdiction to try the case.

ID. — ORIGINAL JURISDICTION OF SUPERIOR COURT — TRIAL OF APPEAL UPON MERITS — WAIVER OF IRREGULARITY. — The superior court has original jurisdiction in matters involving the legality of a tax, and over an action to recover a tax, the legality of which is put in issue; and where the parties proceed to trial upon the merits in such an action appealed from the police court to the superior court, over which the superior court has no appellate jurisdiction, its original jurisdiction is not affected by the irregular way in which it acquired the jurisdiction over the parties, the consent of the parties to the trial upon the merits being a waiver of the irregularity of procedure.

MUNICIPAL TAXATION — POWER OF CITY COUNCIL — CHARTER OF SANTA BARBARA — OPERATION OF POLITICAL CODE. — The act of the legislature of March 10, 1874, under which the city of Santa Barbara was incorporated, providing for the levy of an annual tax, not exceeding one per cent, for the payment of bonds and interest and the current expenses of the city, one third to be devoted to the payment of the interest upon and establish a sinking fund for the payment of the bonds, did not repeal section 4371 of the Political Code, providing that the direct taxes imposed by a common council in any one year must not exceed two per cent of the valuation of property within the city, but merely suspended its operation as to the city of San Barbara; and the act of March 15, 1876, amending the act of March 10, 1874, so as to provide that for the payment of the bonds and interest thereon an annual tax should be levied, not exceeding one fourth of one per cent, repealed the portions of the act of March 10, 1874, referring to the levy of taxes for current expenses of the city, and leaves section 4371 of the Political Code as the only limitation on the power of the common council in fixing the rate of the levy of the tax to pay the current expenses of the city; and a levy by the council, at the rate of $1.50, upon each one hundred dollars of taxable property, is not in excess of its power.

ID. — STATUTORY CONSTRUCTION — SPECIAL STATUTE — EXCEPTION FROM GENERAL LAW — EFFECT OF REPEAL. — A special provision of the legislature, applicable to a certain city only, excepts the city from the effect of a general law upon the same subject, to the same extent as though it were a part of the general law, and when the provision creating the exception is repealed, the operation of the general law is extended to that extent.

NEW TRIAL — STATEMENT — AMENDMENT — APPEAL — POWER OF SUPREME COURT. — The supreme court has no power to correct a statement upon motion for a new trial upon affidavits showing an error therein.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*B. F. Thomas*, for Appellant.

*Thomas McNulta*, for Respondent.

Garoutte, J.— Action brought in the police court to recover city taxes assessed against the property of appellant. A demurrer to the complaint was overruled, whereupon appellant answered, setting forth, among other matters, that the common council had no power to levy the tax, that the same was illegal and void, and asking that the action be transferred to the superior court for trial, under the provisions of section 838 of the Code of Civil Procedure. The application for a transfer was denied, and the court proceeded to hear the cause upon its merits, whereupon judgment was rendered for plaintiff for the sum demanded and costs. Appellant took an appeal to the superior court from the judgment on questions of both law and fact, and judgment was again rendered in favor of respondent. A motion for a new trial, based upon a statement of the case, was denied, and this appeal is prosecuted from the judgment and order denying a new trial.

If the answer of appellant, filed in the police court, did not raise an issue as to the legality of the tax sought to be recovered, it follows that the judgment of the superior court was final, and this appeal should be dismissed, but upon an examination of the pleadings, it is apparent that such an issue is presented. In the case of *Santa Cruz* v. *Santa Cruz R. R. Co.*, 56 Cal. 143, it was incidentally said that there was no provision of law authorizing a transfer of a cause from a police court to a district court, but we cannot subscribe to such doctrine. Section 933 of the Code of Civil Procedure provides: " All proceedings in civil actions in police courts must, except as in this title otherwise provided, be conducted in the same manner as civil actions in justices' courts." In the case of *City of Santa Barbara* v. *Stearns*, 51 Cal. 499, the transfer of a cause from the police court to the district court was expressly approved as being authorized under the foregoing section of the code, and there can be no doubt but that the section is sufficiently broad to furnish authority for such a course.

The verified answer of appellant having disclosed facts

which required a transfer of the cause to the superior court, from the time of the filing of such answer the police court was ousted of its jurisdiction to proceed further upon the merits presented by the pleadings. (*People* v. *Mier*, 24 Cal. 61; *City of Santa Barbara* v. *Stearns*, 51 Cal. 499.) Such being the fact, the judgment of the police court was void, and if it possessed sufficient value to entitle it to the dignity of an attack, could have been successfully assailed by defendant in various ways. But entirely disregarding the action of the lower court upon the jurisdictional question, appellant carried the case to the superior court by appeal upon questions of both law and fact, and proceeded to trial upon the merits. The proper procedure certainly would have been for the superior court to have set aside the judgment, and ordered the police court to remand the cause, in accordance with section 838, heretofore cited. Under such a course, the superior court would have obtained jurisdiction of the cause in the regular and orderly way, and upon the right to appeal to this court, there could be no question. The police court had no jurisdiction to try the cause upon the merits, and it necessarily follows that the superior court had no appellate jurisdiction to try the case at all. But the superior court had original jurisdiction of the subject-matter, and the fact that the case gained ingress to it by way other than the front door in no manner affects its jurisdiction to hear and determine the cause. Having jurisdiction over the subject-matter, the court obtained jurisdiction over the parties, when, without objection, they proceeded to trial upon the main issue, and then its jurisdiction became complete.

The course adopted was a serious irregularity in procedure, but not jurisdictional, and becomes entirely immaterial when we consider the case, as we shall consider it, from the standpoint of being an original action brought in the superior court. If the appellate jurisdiction from the police court, and the original jurisdiction upon matters involving the legality of a tax, etc., were not both vested in the superior court, then the

course pursued in *Santa Barbara* v. *Stearns*, 51 Cal. 499, would have to be followed, and the cause sent back with instructions to remand to the proper court. But the situation here presented is entirely different, and the case is clearly before us upon its merits.

In *Randolph County* v. *Ralls*, 18 Ill. 29, a case entirely similar in principle, the court said: "The circuit court, then, had original jurisdiction of the subject-matter, and the parties, by voluntarily appearing and consenting to a trial between them upon that subject-matter, waived all objection to jurisdiction of the parties. The suit stood, so far as the jurisdiction of the court is concerned, the same as if it had been originally commenced in the circuit court in the ordinary way, and the parties brought in by the service of process; or if they had voluntarily entered their appearance without any previous proceedings, and without objection gone to trial. In the case of *Allen* v. *Belcher*, 3 Gilm. 594, the suit was commenced before a probate justice of the peace, and appealed to the circuit court, where the parties appeared, and the cause was by consent tried; and, upon error, this court held that it was immaterial whether the probate justice had jurisdiction of the subject-matter of the suit, and the parties having consented to its jurisdiction of their persons, the circuit court might adjudicate upon the subject-matter as an original cause. . . . . It would be trifling with courts, and the rights of parties, to permit suitors, after voluntarily appearing and going to trial, to avail themselves of objection to the preliminary proceedings by which the cause of the parties were in court. These are dilatory matters which they may waive, and they are deemed to have waived them by full appearance without objection."

It is contended that the levy of taxes, at the rate of $1.50 upon each one hundred dollars of taxable property, was in excess of the power of the common council. The city of Santa Barbara was incorporated under an act of the legislature, approved March 10,

1874; the following sections of which act read as follows: —

"Sec. 1.   The territory described in the second section of this act, and the inhabitants thereof, are hereby declared to be a municipal corporation under the Political Code of this state."

"Sec. 10.   To provide for the payment of the said bonds and the interest thereon, and the current expenses of the said city, an annual tax shall be assessed, and levied, and collected, not exceeding one per cent; and one third of the money resulting from the said tax shall be devoted to the payment of the annual interest of the said bonds, and constitute a sinking fund for their redemption."

An amendatory act to the foregoing charter was approved March 15, 1876; of which act section 3 is as follows: —

"Sec. 3.   Section 10 of said act is hereby amended so as to read as follows: Section 10.   To provide for the payment of said bonds, and the interest thereon, an annual tax shall be assessed and collected, not exceeding one fourth of one per cent, and the money resulting from the said tax shall be devoted to the payment of the interest of the said bonds, and constitute a sinking fund for their redemption."

Under the general law of the state pertaining to municipal corporations, which took effect January 1, 1873, we find section 4371 of the Political Code, which reads: "The direct taxes imposed by a common council in any one year must not exceed two per centum of the valuation of property within the city."   Also section 4408, referring to the powers of the common council, subdivision 9, "to levy and collect taxes."

With this legislation before us, it is apparent what the power of the common council was as to the levy of taxes at the time the levy here involved was ordered. The general power to levy and collect taxes is expressly granted to respondent by said section 4408; and in the absence of section 10 of the act of 1874, the limitation of

the power of the common council in fixing the rate of the levy would be found in section 4371 of the Political Code, already quoted. But section 10 of this act declares a different limitation, and must control and supersede the general law as far as respondent's interests are involved. Section 3 of the act of 1876 makes a most material amendment to section 10, and as section 10 stands amended, it results in the repeal of all those portions of the original section referring to the levy of a tax for current expenses of the city government, and leaves the limitation upon the power of the council, with reference only to the tax to be levied and collected to pay interest upon and establish a sinking fund for the payment of certain bonds. If appellant's contention were true, that section 10 of the act of 1874 repealed section 4371 of the Political Code, then the repeal of the material portions of section 10 by the act of 1876 left the power of the council to levy a direct tax entirely without statutory control or limitation of any kind, and the validity of the levy here involved would necessarily withstand attack. But section 10 did not repeal the general law upon the subject. It is plain that a special act of the legislature, pertaining to one city, cannot repeal a general law pertaining to all cities. Neither can it properly be said to be in full effect as to other cities and repealed as to respondent. The effect of the enactment of section 10 was simply to suspend the operation of the general provision of law as to respondent, and when section 10 was repealed, the suspension no longer existed, and respondent came under the operation of the general law. Again, it may be said, the special provision excepted respondent from the effect of the general law, to the same extent as though it were a part of the general law, and when the provision creating the exception was repealed, the operation of the general law was extended to that extent. (See *Smith* v. *Hoyt*, 14 Wis. 252; *Heinssen* v. *State of Colorado*, 14 Col. 228.) We conclude that section 4371 of the Political Code is in full force and effect as to respondent.

Appellant makes many objections to the rulings of the court upon the admissibility of evidence, but owing to the fact that the cause must be returned to the lower court for a new trial, and those matters may not again arise, we refrain from reviewing the assignments based upon such rulings.

The complaint alleges that the rate of the levy made by the council was $1.50 upon each one hundred dollars of taxable property, and by calculation it is demonstrated that the amount of the tax for which suit is brought was computed at such rate. The ordinance of respondent, found in the record, shows that the levy for taxes was made upon the basis of $1.40 per each one hundred dollars of taxable property. A fatal variance is thus created between the pleading and the proof. Respondent, since the argument of the cause in this court, has presented affidavits asking us to correct the statement upon motion for a new trial, by amending the copy of the ordinance set out therein, so that it shall conform to the allegations of the complaint. We have no power to adopt such a course, as has been fully decided in *Hyde* v. *Boyle*, 86 Cal. 352, and *In re Gates*, 90 Cal. 257.

Let the judgment and order be reversed, and the cause remanded for a new trial.

PATERSON, J., and HARRISON, J., concurred.