STATE EX REL. SAM TOI, RESPONDENT, *v.* FRENCH, COUNTY TREASURER, APPELLANT.

[Submitted September 20, 1895. Decided October 14, 1895.]

CONSTITUTIONAL LAW.—A state legislature does not act under enumerated or granted powers but under inherent powers, restricted only by the provisions of their sovereign constitution, and therefore a legislature, unless so commanded by the constitution, is not required to tax all property and occupations equally or uniformly.

SAME—*Uniformity of taxes—Licenses.*—Section 1, Article XII of the Constitution provides that the legislative assembly shall levy a uniform rate of assessment and taxation, and in a separate sentence provides that a license tax may be imposed both upon persons and upon corporations doing business in the state. Section 11, *Id.*, provides that taxes shall be uniform. *Held*, that the first sentence of section 1 and section 11 should be read together as referring to taxation and the uniformity thereof, and that the license fee permitted by the last sentence of section 1 was not a tax within the meaning of section 11, and therefore licenses need not be uniform.

SAME—*Laundry license.*—The laundry license fee provided by sections 4079, 4080 of the Political Code, imposing a license per quarter on steam laundries $15; on one male laundryman, $10, and a male laundryman employing one or more other persons, $25, is not obnoxious to section 1 of the fourteenth amendment to the constitution of the United States.

SAME—*Laundry license—Discrimination.*—The fact that Chinamen are engaged in the class of laundry business falling within the $25 license fee required by section 4079 of the Political Code, does not render the law open to the objection that it was meant and intended to affect only Chinamen, when by its terms it applies to all male laundrymen.

*Appeal from First Judicial District, Lewis and Clarke County.*

PETITION for a writ of *mandamus* to compel the issuance of a laundry license. Judgment was rendered for the relator below by BLAKE, J. Reversed.

Statement of the case by the justice delivering the opinion.

This is an appeal from the judgment of the district court upon an application for a writ of mandate requiring the appellant to accept $10 as a license fee from the respondent, and to issue to respondent a license to conduct a laundry. Sections 4079 and 4080 of the Political Code are as follows:

"Sec. 4079. Every male person engaged in the laundry business, other than the steam laundry business, must pay a license of ten dollars per quarter; provided, that where more

than one person is engaged or employed or kept at work, such male person or persons shall pay a license of twenty-five dollars per quarter, which shall be the license for one place of business only.

"Sec. 4080.   Every person who carries on a steam laundry must pay a license of fifteen dollars per quarter."

The respondent here, Sam Toi, appeared in the district court, and filed a petition praying for a writ of *mandamus*, in which petition he set forth as follows:   That appellant is the treasurer of Lewis and Clarke county, and that it was his duty to issue licenses, when tendered the fees therefor; that respondent is a male person, a resident of the county, and engaged in the laundry business, other than a steam laundry, and that he is employing male persons other than himself in such business; that he tendered to the said treasurer the sum of $10, and demanded that the treasurer issue to him a license for conducting the laundry business ; that the treasurer refused to issue said license unless the respondent paid him the fee of $25, as required by section 4079, Political Code.

The county attorney filed a demurrer to this petition, upon the ground that it did not set up facts sufficient to warrant the issuing of the writ of *mandamus*.   The demurrer was overruled, and the writ was issued, commanding the treasurer to receive from the respondent the sum of $10, and issue to him a license for conducting said laundry business.   From this judgment the respondent below appeals.

There are some other matters set up in the petition for the writ, which will be noticed as the subject is treated in the opinion below.

*Henri J. Haskell*, Attorney General, for Appellant.

*A. C. Botkin* and *J. M. McDonald*, for Respondent.

DE WITT, J.—It appears that the legislative assembly divided laundry licenses into three classes, as follows:   Steam laundry, $15; one male laundryman, $10; male laundryman employing one or more other persons, $25.   The respondent

contended in the lower court—a contention which prevailed—that this legislation is unequal and not uniform, and therefore void, under the constitution.

The legislature is not required to tax all property and occupations equally or uniformly, unless so commanded by the constitution. (Cooley on Taxation, p. 570, chap. 6, quoting Butler's Appeal, 73 Pa. St. 448; *Mayor, etc., of Rome* v. *Mc Williams*, 52 Ga. 251. *Decker* v. *McGowan*, 59 Ga. 805. See, also, *Manufacturing Co.* v. *Wright*, 33 Fed. 121.)

Constitutions of a state are distinguished from the constitution of the United States in this: ''The government of the United States is one of enumerated powers; the national constitution being the instrument which specifies them, and in which authority should be found for the exercise of any power which the national government assumes to possess. In this respect it differs from the constitutions of the different states, which are not grants of powers to the states, but which apportion and impose restrictions upon the powers which the states inherently possess.'' (Cooley on Const. Lim. p. 10.) Therefore a state legislature is not acting under enumerated or granted powers, but rather under inherent powers, restricted only by the provisions of their sovereign constitution. We therefore inquire whether our constitution restrains the legislature from enacting such a law as sections 4079, 4080, Political Code.

The respondent contends that the restraint is found in the following provisions of the constitution:

''Section 1. The necessary revenue for the support and maintenance of the state shall be provided by the legislative assembly, which shall levy a uniform rate of assessment and taxation, and shall prescribe such regulations as shall secure a just valuation for taxation of all property, except that specially provided for in this article. The legislative assembly may also impose a license tax, both upon persons and upon corporations doing business in this state.'' Article XII.

''Sec. 11. Taxes shall be levied and collected by general laws and for public purposes only. They shall be uniform

upon the same class of subjects within the territorial limits of the authority levying the tax." Article XII.

The respondent argues that under these provisions the imposition of a license fee of $25 upon him, as a laundryman with a helper, while the laundryman without a helper and the steam laundryman pay a less license, is unconstitutional, in that it is not uniform and equal.

We shall not decide whether this law is or is not a classification of the laundry business for license purposes, which the legislature may make, even if it were held that the uniformity clause in the constitution applied to such a license. Many cases might be cited upon this question. We shall decide this appeal without reaching a consideration of that point.

A license fee is a tax sometimes, and for some purposes. Sometimes, and for some purposes, it is not a tax. (Cooley on Taxation, pp. 572, 573, 592, 596, 600, 601; *People* v. *Martin*, 60 Cal. 153; *City of Santa Barbara* v. *Stearns*, 51 Cal. 499; Cooley on Const. Lim. p. 245; Desty on Taxation, p. 305.) The particular distinctions as to when a license fee is a tax and when it is not, we shall not discuss, further than to give the reasons for our opinion that this license fee under consideration is not a tax, as falling within the equality and uniformity provisions of the constitution.

The constitution provides that the legislature shall levy a uniform rate of assessment and taxation, and secure a just valuation for taxation of all property (article XII, § 1), and that taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax (Id. § 11). In a separate sentence in said section 1 it is provided that the legislative assembly may also impose a license tax both upon persons and upon corporations doing business in the state. But neither in this sentence of section 1, nor elsewhere, is it stated that licenses shall be uniform. If the constitution does not require that licenses shall be uniform, they need not be.

Judge Cooley, says, in his work on Taxation: "It has been seen that the sovereignty may, in the discretion of its legisla-

ture, levy a tax on every species of property within its juris-
diction, or, on the other hand, that it may select any particu-
lar species of property, and tax that only, if, in the opinion
of the legislature, that course will be wiser.    And what is
true of property is true of privileges and occupations, also.
The state may tax all, or it may select for taxation certain
classes, and leave the others untaxed.    Considerations of gen-
eral policy determine what the selection shall be in such cases,
and there is no restriction on the power of choice, unless one
is imposed by constitution.    In another chapter it has been
shown that constitutional provisions requiring the taxation of
property by value have no application to the taxation of other
subjects, and do not, therefore, by implication, forbid the tax-
ation now under consideration.''    (Page 570.)    These remarks
of Judge Cooley are taken from the opening sentence of his
chapter entitled ''Taxation of Business and Privileges.''  See,
also, chapter VI of the same work, as to a general discussion of
the impossibility of absolute uniformity.

In the case of *People* v. *Coleman,* 4 Cal., we find, on page
54, that the counsel arguing in favor of the uniformity and
equality of license fees makes the following remarks : '' ' How
this is to be done,' says the learned counsel, ' is no part of our
province to decide; nor are we to say whether it is possible to
devise an occupation tax which would be equal and uniform,
unless it be a tax levied equally, and for the same amount,
upon all occupations.    All that we maintain is that an occupa-
tion tax which is not equal and uniform violates the constitu-
tion,' ''—in reply to which the court remarks :    '' Is, then,
the clause under consideration so vague as to be wholly un-
susceptible of a practical meaning, and the force of the pro-
vision to be defeated from a want of some indefinable equality
and uniformity, existing in the imagination of learned counsel,
but so subtle in its character as to defy the ordinary use of
language in its description ?    In constructing this section, force
and meaning must be given to every part of it.    We cannot
suppose the convention intended to enact, as a part of the
fundamental law of this state, a provision so doubtful and am-

biguous, and at the same time so completely calculated to para-
lyze the energies and prostrate the resources of the state gov-
ernment.    *   *   *    The occupation of the humblest artisan,
with no capital but his labor, the reward of whose toil secures
to him only a scant subsistence, must be taxed equally with
the [occupation of the] richest merchant, banker or broker,
or, if not equally, at least the state has no right to release the
miserable pittance so cruelly wrung from his hard earn-
ings. ''

In that case it was held that the uniformity clause of the
constitution did not apply to license fees upon occupations.
We do not concur in all that was said in deciding that case.
We have omitted a portion of the remarks from our quotation,
and added a parenthesis which the language seems to need.
The California supreme court has not followed that case, in
whole. (*People* v. *McCreery*, 34 Cal. 433.)   But the princi-
ple that the uniformity clause does not apply to license fees
has been maintained in California. (*Ex parte Hurl*, 49 Cal.
557.)

It was again said in *City of Santa Barbara* v. *Stearns*, 51
Cal. 499 :   ''A license charge or fee for the transaction of
business is, in our opinion, a tax, within the meaning of the
term 'tax,' as employed in those sections [referring to sections
other than the uniformity clause].   It is not a tax within the
meaning of section 13, of Art. XI of the constitution [which
is the uniformity section of the California constitution].   *   *
*   (*People* v. *Coleman*, 4 Cal. 46; *People* v. *Raymond*, 34
Cal. 492; *City and County of Sacramento* v. *Crocker*, 16 Cal.
119; *Taylor* v. *Palmer*, 31 Cal. 240; *Emery* v. *Gas Co.*, 28
Cal. 345; *Emery* v. *Bradford*, 29 Cal. 75; *Ex parte Hurl*, 49
Cal. 557; Cooley on Const. Lim. 201.)''   See, also, *San Jose*
v. *San Jose & S. P. R. Co.*, 53 Cal. 475; *Ex parte Mirande*,
73 Cal. 375, 14 Pac. 888; *Ex parte Li Protti*, 68 Cal. 635, 10
Pac. 113; *People* v. *Thurber*, 13 Ill. 554; *City of East St.
Louis* v. *Wehrung*, 46 Ill. 392; *Slaughter* v. *Commissioners*,
13 Grat. 767; *Baker* v. *Cincinnati*, 11 Ohio St. 534; *Kleizer*
v. *State*, 15 Ind. 449.

The alleged inequality or nonuniformity of this classified laundry license does not seem to be such as to grant a monopoly, or such as to be prohibitory of a legitimate trade or occupation. We are of opinion that the first sentence of section 1, Art. XII, and the whole of section 11, Art. XII, are upon the same subject, and must be read together, and that they refer to taxation, and the equality and uniformity thereof, and that the last sentence of section 1, Art. XII, upon licenses, does not fall within the uniformity provision.

The laundry license fee is not obnoxious to the provisions of section 1 of the fourteenth amendment to the constitution of the United States. (*Home Insurance Co.* v. *New York State*, 134 U. S. 194, 10 Sup. Ct. 593; *Express Co.* v. *Seibert*, 142 U. S. 339, 12 Sup. Ct. 250.)

It is also set up in the petition for the writ of *mandamus*, and, of course, admitted by the demurrer, that the relator below, and respondent here, is a subject of the emperor of China, and that the provision of the law requiring a fee of $25 from a male laundryman with one assistant was meant and intended to affect only Chinamen; that Chinamen are engaged in the class of laundry business falling within the $25 fee; that steam laundries employ a large number of persons, and make greater profits than the petitioner or his countrymen; and that he will not be able to conduct his business in competition with the steam laundry, if he is required to pay the license fixed by the laws cited. The fact that Chinamen are engaged in the hand-laundry business is purely fortuitous. (*Manufacturing Co.* v. *Wright*, 33 Fed. 121.) The law, in its terms, applies to all male laundrymen, of every condition and nationality. If the equality and uniformity provisions of the constitution do not apply to the license fee under consideration, the subjects of the emperor of China are certainly in no different or better condition to make complaint than the subjects of any other foreign power who may be residing within this state, or even the citizens of the United States themselves.

We are of opinion that the district court erred in issuing the writ of mandate. The questions which we have determined in

this opinion are the only ones presented upon the appeal, and upon them is rested the decision. It is ordered that the judgment be reversed, and the case be remanded, with directions to dismiss the writ.

*Reversed.*

PEMBERTON, C. J., and HUNT, J., concur.