HAMMOND *v.* SCHOOL BOARD OF CITY OF MUSKEGON.

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' INSTITUTES—COLLECTION OF FEES FROM TEACHERS.

3 How. Stat. § 5187, in relation to teachers' institutes, providing that all boards or officers authorized to examine applicants for certificates of qualification as teachers shall collect from each male applicant an annual fee of $1, and from each female applicant an annual fee of 50 cents, and that the director and secretary of any school board that shall employ any teacher who has not paid the fee shall collect the same at the time of making the contract, is not subject to the objection that it is defective, incomplete, and ineffectual. The imposition upon the school officers of the duty to collect the fee, by implication, creates a corresponding duty on the part of the teacher to pay the same; and this obligation to pay can be readily enforced as a condition to examination or employment, as the case may be.

2. SAME—CONSTITUTIONAL LAW—SPECIFIC TAXES—UNIFORMITY OF
   TAXATION.

   The statute is not unconstitutional on the ground that it
   . attempts to apply specific State taxes to a purpose other than
   that permitted by section 1, art. 14, Const., since the moneys
   derived thereunder are to be used to defray the expenses of
   local teachers' institutes; nor does it contravene the provision
   of section 11, art. 14, that taxation shall be uniform.

*Certiorari* to Muskegon; Russell, J. Submitted
April 30, 1896. Decided June 30, 1896.

*Mandamus* by Jason E. Hammond, deputy superin-
tendent of public instruction, to compel the school board
of the city of Muskegon to collect an annual institute fee
from the teachers in the city schools. From an order
denying the writ, relator brings *certiorari*. Reversed.

*Fred A. Maynard*, Attorney General, for relator.

*William Carpenter*, for respondent.

MOORE, J. This is a case to test the constitutionality
of section 5187, 3 How. Stat., commonly known as the
"Teachers' Institute Law." Section 5187 reads as fol-
lows:

"That all boards or officers authorized by law to exam-
ine applicants for certificates of qualification as teachers
shall collect, at the time of examination, from each male
applicant for a certificate an annual fee of one dollar,
and from each female applicant for a certificate an
annual fee of fifty cents; and the director and secretary
of any school board that shall employ any teacher who
has not paid the fee hereinbefore provided shall collect,
at the time of making contract, from each male teacher
so employed an annual fee of one dollar, and from each
female teacher so employed an annual fee of fifty cents.
All persons paying a fee as required by this section shall
be given a receipt for the same, and no person shall be
required to pay said fee more than once in any school
year."

Other sections of the law provide that the money derived from these fees shall be expended towards defraying the expenses of holding county teachers' institutes.

The school officers of the city of Muskegon have for several years refused to collect these fees. The relator petitioned the circuit court for Muskegon county asking that the respondent be compelled by *mandamus* to collect these fees. The circuit court refused to make the order, and the proceeding is brought here by *certiorari*.

It is urged by respondent that section 5187 is defective, incomplete, and ineffectual. We do not think so. The language is simple, and easy to be understood. If it is the duty of the board to collect, it would follow naturally that it is the duty of the teacher to pay, the fee, as a condition of receiving the examination or employment, as the case may be. It ought not to be difficult for the board of education to say to an applicant for a license to teach, or to an applicant for a teacher's position, that the applicant must comply with the law before the examination proceeds or the contract is made.

It is also urged that the law violates the provisions of section 1, art. 14, of the Constitution, because the fees are specific taxes, and must be applied according to the provisions of the section just cited. It is urged that the fees are not uniform, and for that reason the statute is unconstitutional. We think none of these positions well taken. The principles involved are so ably discussed by Justice COOLEY, in *Youngblood* v. *Sexton*, 32 Mich. 413, that it is not necessary to continue the discussion here. See *State* v. *French*, 17 Mont. 54.

The writ of *mandamus* should issue as prayed for by the relator, but without costs.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.