No. 2,362.

J. A. S. TROUT, APPELLANT, v. R. E. GARDINER, RESPONDENT.

STATUTORY CONSTRUCTION.—ACT OF MARCH 28, 1868—EFFECT OF.— Under the Act of March 28, 1868, "To regulate salaries and fix the compensation of certain county officers," the Sheriff of Tuolumne County, elected at the general election of 1869, became ex-officio Collector of Taxes from and after the first Monday of March, 1870.

APPEAL from the District Court of the Fifth District, Tuolumne County.

This was an application to the District Court for a peremptory writ of mandamus, commanding respondent, as County Clerk and ex-officio Auditor and Recorder of Tuolumne County, to issue to the petitioner certain licenses, to be used in the discharge of his duties as ex officio Collector of Taxes for said county; which office he claimed under the Act of March 28, 1868, he having been elected Sheriff at the general election of 1869, and qualified as Collector of Taxes on or before the first Monday of March, 1870, at which time said Act went into operation. The petition was denied; from which order and the order overruling the demurrer of petitioner, this appeal is taken.

No briefs on file.

E. A. Rodgers and H. B. McNeil, for Appellant.

Caleb Dorsey, for Respondent.

SPRAGUE, J., delivered the opinion of the Court:

The question presented in this case, is whether the applicant, Trout, is, by virtue of his office as Sheriff of Tuolumne County, ex-officio Tax Collector of said county, from and after the first Monday of March, 1870; and the answer to that question depends upon whether, at the time of the election of applicant to the office of Sheriff of said county, at the general election held on the first day of September, 1869, he was so elected with a view of his discharging the duties of

(T.)

Tax Collector for said county by virtue of his office as Sheriff, in pursuance of the Act of March 28, 1868, entitled "An Act to regulate salaries and for the compensation of certain county officers."

It is contended by respondent, Gardiner, that the above Act, by its terms, did not take effect and had no validity or force, for any purpose, until the first Monday of March, 1870; hence, at the date of applicant's election to the office of Sheriff in September, 1869, there being no law in force devolving the duties of the office of Tax Collector for the County of Tuolumne, upon the Sheriff of said county, applicant could not have been elected to the office of Tax Collector at the time he was elected Sheriff, nor could he have been elected to the office of Sheriff with the view or intention on the part of the electors of said county of his discharging the duties of Tax Collector by virtue of his office as Sheriff.

Upon a careful review and consideration of the whole Act above referred to, it is clearly manifest that some portions of the Act took effect, and were required to be acted upon as of vital force and authority, at and prior to the general election for county officers in September, 1869.

The third section of the Act provides that in counties wherein township or district assessors then existed, elections for county assessors should take place at the general election in the year 1869; and in section nine, of the same Act, it is *provided* that in the County of Alameda (a county in which, at that time, the County Clerk was *ex-officio* County Recorder), a County Recorder should be elected at the general election in 1869.

Thus, it will be seen, by the direct terms of the Act itself, action was to be taken under and by virtue of its provisions prior to the first Monday of March, 1870, when, as provided by the last section of the Act, it was to go into full operation.

When, to accomplish the purposes of the Act, an additional officer or new office was required and created by the Act, the election of such officer was required to be had at the general election of 1869. The Act then clearly was intended to be in force, or take effect so far as necessary to

provide the proper agents or machinery to carry the Act into full force and effect, sixty days after its passage, or at the time provided for the taking effect of a statute, when no specific time is mentioned; and, in other respects, it was not intended to go into full force and operation until the first Monday of March, 1870, when the terms of most of the county officers, whose fees and salaries were affected thereby, would expire. Previous to and at the time of the passage of the Act, the County of Tuolumne, and some other counties of the State, were divided into revenue districts, and District Assessors and Collectors of Taxes were provided for each district, instead of one Assessor and Tax Collector for the entire county; so that, under the system provided by this new Act, it became necessary to provide a County Assessor in such counties, and this officer was required to be elected at the general election in 1869—this being an office not then existing in those counties; but the duties of the office of Tax Collector, for such counties, having, by the terms of the Act, devolved upon the Sheriff of the county *ex-officio,* from and after the first Monday in March, 1870, and the office of Sheriff being an office then existing in said county, and the election of such officer being provided for by other laws then in force, it was not deemed necessary to specially provide in the Act for the election of a County Tax Collector, as the duties of this office were, by the terms of the Act, devolved upon the Sheriff of the county, who, at the general election in 1869, was to be elected, with the view of his discharging the duties of Tax Collector for the county, on the Act going into full force and effect, on the first Monday of March, 1870.

This being our view of the evident intention of the Legislature, as gathered from a reading of the whole Act, it follows that the applicant, Trout, who was elected Sheriff of Tuolumne County, at the general election in 1869, and duly qualified as such, and also as Tax Collector for such county, on or before the first Monday of March, 1870, was, on that day, and since has been, the duly elected and qualified Tax Collector for said county, and as such is entitled to demand and receive from the respondent, as Auditor of said county,

the licenses required for the performance of his duties as such Tax Collector.

Judgment reversed and cause remanded, with directions to the Court below to order peremptory mandamus as prayed for.