[No. 2,816.]

# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* EDWIN HUNT.

REPEAL OF REPEALING ACT.—The repeal of an Act repealing a former Act does not revive the former Act, or give it any force or effect. To revive such former Act it must be reënacted.

OFFICE REVIVED BY REPEALING ACT.—If a general Act creates an office in all the counties of the State, to be filled by election once in two years, and a special Act, passed afterwards, takes one county away from the provisions of the Act, and this special Act is afterwards repealed by an Act which restores the office as to that county, the provisions of the general Act are revived as to the office.

CASE AFFIRMED.—*Trout* v. *Gardiner*, 39 Cal. 386.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The County of Alameda contains six townships. At the general election held in September, 1867, an Assessor was elected for each township. At the general election held in September, 1869, Edwin Hunt was elected County Assessor; but no Township Assessors were elected. Hunt received his certificate, qualified, and, on the first Monday in March, 1870, entered upon the discharge of his duties. No Township Assessors were elected to succeed those of 1867. The Act of 1864, referred to in the opinion, provided "that Township Assessors should be elected in 1865, and every two years thereafter, for Alameda County, to hold their offices two years from the first Monday in March succeeding such election, and until their successors should be elected and qualified."

The Attorney General filed his complaint, by way of information of quo warranto, against the respondent, Edwin Hunt, setting up the above matters of fact, and the facts stated in the opinion, and asked judgment of ouster against him.

The defendant demurred to the complaint, and had final judgment on the demurrer. The plaintiff appealed.

The other facts are stated in the opinion.

*Clarke & Carpentier*, for Appellant.

The Act of 1863 (Laws 1863–4, p. 243) abolished the office of County Assessor, and provided for District Assessors. The Act of 1868 did not abolish the office of Township Assessor, unless it was done by section twenty-four:

" Section 24.   All Acts, and parts of Acts, in conflict with the provisions of this Act, are repealed, so far as they affect the provisions of this Act, to take effect from the first Monday in March, 1870, when this Act shall go into operation."

From the language of this section twenty-four, two things are clear:

1. That the Act of 1868 was not to go into operation until the first Monday of March, 1870, nearly two years after its passage; and,

2. That none of the Acts, or parts of Acts, in conflict with its provisions, should be repealed until the first Monday of March, 1870.

Now, the first Monday of March, 1870, fell on the seventh day of that month. There can, therefore, be no question but that, up to the 7th of March, 1870, the "Acts, and parts of Acts," within the purview of said section twenty-four, remained unaffected by its provisions. If, therefore, the Act of 1863, which abolished the office of " County Assessor for the County of Alameda," be one of the Acts embraced within the provisions of said section twenty-four, it was not repealed by said section prior to the 7th day of March, 1870, but continued to be the law up to that date, and, as a consequence, the only Assessors known to the law, up to that date, were the Township Assessors, and the only election in 1869 for Assessors, warranted by law, was an election

for Township Assessors, under the law of 1863. There can be no pretence, then, that Edwin Hunt ever became, or was, County Assessor prior to March 7th, 1870.

*John W. Dwinelle,* for Respondent.

The Act of 1863 was repealed in 1868, and the office of County Assessor of Alameda County restored, and the respondent, Edwin Hunt, lawfully elected to that office in 1869. Applying to the Act of 1868 the received principle of interpretation—that it must all be construed together— we find that by section three Township Assessors are established and County Assessors restored; the election of a County Assessor ordered for the Autumn of 1869; and, by section twenty-four, all other conflicting Acts repealed, "to take effect from the first Monday of March, 1870, when the new Act was to go into operation." We interpret this to mean that no Township Assessors were to be elected in the Autumn of 1869, for the office was abolished; that a County Assessor was to be elected in the Autumn of 1869 to fill the office of County Assessor, which was created to succeed that of the Township Assessor, from and after the first Monday of March, 1870; that until the first Monday of March, 1870, the Township Assessors were to continue in office, and act as such, and the Township Assessor system, meanwhile, continue "in effect;" but that after the first Monday of March, 1870, the County Assessor system was to "go into operation." (*City of San Francisco* v. *Kelsey,* 5 Cal. 169; *City of Sacramento* v. *Bird,* 15 Cal. 294; *Burnham* v. *Hays,* 3 Cal. 115; *Cleaves* v. *Hays,* 3 Cal. 471; *Preble* v. *Waterman,* 31 Cal. 412; *Santin* v. *The Sea Witch,* 1 Cal. 162; *Smith* v. *Randall,* 6 Cal. 47; *Seabury* v. *Arthur,* 28 Cal. 142; Appeal of N. B. & M. R. R. Co., 32 Cal. 499; *Burr* v. *Dana,* 22 Cal. 11.) Even granting that the law of 1868 does not provide for its own execution, still it does provide for the restoration of the office of County Assessor on and after the first Monday of March, 1870. Sup-

pose it has only this effect:   " Township Assessors are abolished, and the office of County Assessor restored, on and after the first Monday of March, 1870." Then here was an office created, an office to be filled, and to be filled in the first instance, only by election. (*People* v. *Kelsey*, 34 Cal. 470.) And how thus filled? Under the law of 1861, above cited, and never repealed, requiring all County Assessors to be elected every two years at the general election. (Laws 1861, p. 422, Sec. 6; 2 Hittell, 6,155.)

By the Court, RHODES, C. J.:

The question for determination is whether the defendant is the County Assessor of Alameda County. The Revenue Act of 1861 provided that County Assessors should be elected in 1861, and every two years thereafter, in each county. (Stats. 1861, p. 422.) In 1864 a special Act was passed for Alameda County, by which it was provided that Township Assessors should be elected in that county. (Stats. 1863-4, p. 243.) The Act of March 28th, 1868 (Stats. 1867-8, p. 448), contained a provision, in section three, that assessments should be made in all the counties by County Assessors, and that in counties wherein there were Township or District Assessors, County Assessors should be elected at the general election in 1869. The defendant was elected in 1869 as the County Assessor of Alameda County.

The Act of 1868 was expressly repealed by the Act of March 5th, 1870 (Stats. 1869-70, p. 198, Sec. 98), which took effect upon its approval. It is contended by the plaintiffs that the effect of the repeal was to leave in force the Act of 1864, providing for the election of Township Assessors in Alameda County.

It was held in *Trout* v. *Gardiner*, 39 Cal. 386, that the Act of March 28th, 1868, took effect for certain purposes before the first Monday—the seventh day—of March, 1870; and,

among other things, that it authorized and required the officers to be elected as therein provided, which might be necessary in order that the Act might have full force and effect. It was provided by the Act that County Assessors should be elected at the general election in 1869, and for that purpose the Act took effect sixty days after its passage. That provision repealed the Act of 1864, providing for the election of Township Assessors for Alameda County. The repeal of the Act of 1868, two days before it took effect, *for all purposes*, by the Act of March 5th, 1870, did not revive the special Act of 1864. The repeal of an Act repealing a former Act does not revive the former Act, or give it any force and effect. This result can be accomplished only by the reënactment of the former Act. The repeal of the Act of 1864, by section three of the Act of 1868, worked the same result as would an Act directly repealing the Act of 1864; that is to say, the special Act having been repealed, a County Assessor was required to be elected for Alameda County in 1869, as provided by the general Revenue Act of 1861. The defendant was elected as such Assessor, and he was authorized and required to perform all the duties of County Assessor, as provided by the revenue laws.

Judgment affirmed, and remittitur ordered to issue forthwith.