[No. 11826.  In Bank. — December 31, 1887.]

# E. D. EDWARDS, RESPONDENT, *v.* COUNTY OF FRESNO, APPELLANT.

DISTRICT ATTORNEY — FRESNO COUNTY — ADDITIONAL COMPENSATION — CONVICTIONS FOR MISDEMEANORS. — Under the act of 1869-70, providing for the compensation to be paid to district attorneys, and sections 4256-4258 of the Political Code, prescribing the duties of such officers, the district attorney of Fresno County is not entitled to charge or receive from that county any compensation in addition to his regular salary for convictions for misdemeanors had in justices' courts, in cases in which he did not institute the proceedings, did not appear before the magistrates when the convictions were had, and did not render any service whatever, either personally or by deputy.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion.

*D. S. Terry,* for Appellant.

*E. D. Edwards, in propria persona,* for Respondent.

FOOTE, C. — The plaintiff as district attorney for the county of Fresno presented for allowance to the board of supervisors of that county a bill for fees alleged to be due him by the county. The bill was disallowed, and the plaintiff instituted the present action to recover the sum claimed. He obtained judgment as prayed for, and from that the county has appealed.

From the agreed statement of facts it appears that the plaintiff did not institute the proceedings in any of the cases, which were all brought in the justices' courts of the county, and that where he claimed fees for convicitons in the bill he presented and the complaint he filed herein, he did not appear and prosecute said cases in person or by deputy, and did not attempt to collect said fees out of said persons so alleged to have been con-

victed, and did not cause to have issued any execution against any of said persons so convicted for said fees.

Notwithstanding these facts, the district attorney claims that by law the county is indebted to him in the sum of fifteen dollars for each of the convictions so had in the magistrates' courts.

The statutes which have any bearing upon the subject are to be found in the acts of 1869–70 and the Political Code, and so much of them as are pertinent read as follows:—

"The district attorney shall receive for his services, to be paid quarterly in the . . . . counties of Fresno, . . . . the sum of one thousand dollars. . . . . In addition to the salary herein provided, the district attorney for each of the counties of this state shall be entitled to charge and receive . . . . for each conviction in cases of misdemeanor fifteen dollars.

"In all convictions the fees herein allowed shall be assessed against the defendant, and shall not become a county charge; *provided,* that in the counties of . . . . Fresno . . . . the fees herein allowed shall become a county charge in case of the inability of the defendant to pay the same." (Statutes 1869–70, p. 170.)

"The district attorney is the public prosecutor, and must: . . . . 2. Institute proceedings before magistrates for the arrest of persons charged with or reasonably suspected of public offenses, when he has information that any such offenses have been committed; and for that purpose, when not engaged in criminal proceedings in the district or county courts, must attend upon the magistrates in cases of arrest when required by them," etc. (Pol. Code, sec. 4256.)

Other duties of the district attorney are further prescribed in that section, and in 4257 and 4258, Political Code.

It will be perceived that the district attorney for Fresno County was by law to be paid for his *services* a salary, and in certain cases, fees for convictions.

We can discover nothing in our laws relating to the district attorney, his duties or fees, which permits us to think that the legislature intended the plaintiff here should be entitled to charge and receive the sum of fifteen dollars, or any other sum, from the county of Fresno, for convictions where he never instituted any proceedings at all, never appeared before the magistrates where the convictions were had, or rendered any *service* whatever, either by himself or deputy.

The pervading idea that runs through the whole law pertaining to the compensation allowed district attorneys is for services rendered as such. Where the law allows him a fee for *each conviction*, it would seem as if a conviction was meant in which the district attorney or his deputy took some part, either by the institution of the proceedings, by being present or aiding at the trial, or in some other way performing some service as district attorney.

In the present instance, the record shows no connection by the district attorney with the convictions for which fees are claimed, except the presentation of his bill to the board of supervisors, and the action brought to recover his alleged fees.

For these reasons, we are of opinion that the judgment should be reversed, and judgment rendered for the defendant on the agreed facts set out in the record.

BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and the court below directed to render judgment for the defendant on the agreed facts set out in the record.

THORNTON, J., and TEMPLE, J., dissented.

PATERSON, J., expressed no opinion.