THE STATE vs. SAWELL.

*May 18 — June 21, 1900.*

*Courts: Jurisdiction: Statutes: Repeal: Revival.*

Ch. 112, Laws of 1893, creating the municipal court of Douglas county, conferred on such court exclusive jurisdiction in misdemeanors, and suspended the jurisdiction of the circuit and superior courts of that county in such minor offenses. Ch. 33, Laws of 1893, gave the superior court jurisdiction concurrent with the circuit court in prosecutions for misdemeanors. By ch. 278, Laws of 1895, such exclusive character of the jurisdiction of the municipal court was taken away. *Held* that, since ch. 112, Laws of 1893, did not repeal ch. 33, Laws of 1893, but merely suspended it, it was not a repealing act within the meaning of sec. 4973, Stats. 1898 (providing that no act or part of an act repealed by a subsequent act of the legislature shall be deemed to be revived by the repeal of a repealing act), and therefore the removal of the suspension by ch. 278, Laws of 1895, left ch. 33, Laws of 1893 in full force and restored the jurisdiction of the superior court.

REPORTED from the superior court of Douglas county: CHARLES SMITH, Judge. *First question answered in the negative, the others in the affirmative.*

Questions of law reported for solution pursuant to sec. 4721, Stats. 1898. The defendant was arrested on a war-

rant issued by the county judge of Douglas county, Wisconsin, charged with a misdemeanor. A preliminary examination was held, resulting in the accused being held for trial before the superior court of such county. Thereafter an information was duly filed, following the charge contained in the complaint, upon which the defendant was arraigned before the superior court, and to which he then entered a plea in abatement upon the ground that the county judge had no jurisdiction to issue the warrant for his arrest or to take any proceedings pursuant thereto; and that the only court having jurisdiction in such cases in Douglas county is the municipal court thereof. The plea was overruled, whereupon the defendant entered a plea of guilty, and by his counsel requested the submission of the following questions to this court for decision: (1) Is exclusive jurisdiction to hear, try, and determine cases of misdemeanor arising in Douglas county, Wisconsin, vested in the municipal court thereof? (2) Has the county judge of Douglas county jurisdiction to issue warrants and hold preliminary examinations in cases of persons charged with misdemeanors, and power to hold such persons to trial in the superior court of Douglas county? (3) Has the superior court jurisdiction to render judgment against the defendant in this case?

For the plaintiff there was a brief by the *Attorney General*, and oral argument by *R. F. Hamilton*, second assistant attorney general.

For the defendant the cause was submitted on the brief of *C. R. Fridley* and *W. R. Foley*.

MARSHALL, J. By the law creating the superior court of Douglas county (ch. 33, Laws of 1893), jurisdiction concurrent with the circuit court was conferred upon it in prosecutions for misdemeanors. The jurisdiction of the circuit court, and of the superior court, as to such minor offenses, was suspended by ch. 112, Laws of 1893, conferring upon

the municipal court of Douglas county exclusive jurisdic-
tion in such matters. By ch. 278, Laws of 1895, such ex-
clusive character of the jurisdiction of the municipal court
was taken away, leaving its jurisdiction, in cases of misde-
meanor, by the literal sense of the words used in the law,
concurrent, merely, with that of the circuit and superior
courts.

The question is, Did the mere change of the law regard-
ing the jurisdiction of the municipal court, by implication,
restore the jurisdiction of the superior court, so far as there-
tofore disturbed by the municipal court act? That must be
answered in the affirmative. True, we have the following
statutory rule for determining the effect of a repeal of a
repealing act: "No act or part of an act repealed by a sub-
sequent act of the legislature shall be deemed to be revived
by the repeal of such repealing act." Sec. 4973, Stats. 1898.
But that is contrary to the common-law rule (Maxwell,
Interp. Stats. [3d ed.], 585), and was early in the history of
this court construed as applying only to cases strictly within
its provisions,— cases of strict repeal,— not to a mere modifi-
cation of a general law by ingrafting on it an exception cov-
ering some particular case or class of cases. In such circum-
stances it was held that the first act was not repealed within
the meaning of the statutory rule of construction, but merely
in part suspended, and that a repeal of the legislation creating
the suspension removes it, leaving the law in force in its full
scope. *Smith v. Hoyt,* 14 Wis. 252. That rules the ques-
tion under discussion. The act conferring exclusive juris-
diction, in cases of misdemeanor, upon the municipal court
of Douglas county, did not repeal the law conferring juris-
diction in like cases upon the superior court, but merely
suspended and superseded it. It was not a repealing act
and not within sec. 4973. Therefore, by the common-law
rule, the removal of the suspension left the superior court
act in full force, according to the literal sense thereof.

The State vs. Sawell.

What has been said in effect answers the first question·in the negative, and the other questions reported for decision in the affirmative. No further discussion of the matter pre- :sented seems to be necessary. The entire subject covered by the three questions might have been covered by the single ·question of whether the superior court of Douglas county has jurisdiction to try cases of misdemeanor. That being answered in the affirmative, necessarily the jurisdiction of the county judge to hold preliminary examinations in crim- inal cases is unaffected by the municipal court act, and the :superior court has jurisdiction to pass sentence on the de- fendant in this case.

*By the Court.*— The first question reported is answered in the negative and the others in the affirmative, and the case is remanded for further proceedings according to law.