# THE SUPREME COURT

#### OF THE

# STATE OF NEVADA

## APRIL TERM, 1910

[No. 1864]

AUGUSTUS TILDEN, APPELLANT, *v.* ESMERALDA
COUNTY, RESPONDENT.

1. DISTRICT AND PROSECUTING ATTORNEYS—SALARIES—FEES.

The act of March 15, 1905 (Stats. 1905, c. 109), fixing the salary of the
district attorney of a designated county in full for his services, and
repealing conflicting acts, suspends as to such county the operation of
Comp. Laws, 2296–2310, authorizing the collection by district attorneys
of fees in addition to salary in so far as they are conflicting; and the
act of March 11, 1907 (Stats. 1907, c. 50), providing that the district
attorney in such county shall receive a salary and "such fees * * *
as are now allowed by law," gives the district attorney the salary fixed
and the fees authorized by sections 2296–2310.

2. STATUTES—GENERAL LAWS—SUBSEQUENT SPECIAL STATUTE—EFFECT.

A special statute restricts the effect of a prior general act from
which it differs, and suspends its operations in the field covered by the
special act.

3. DISTRICT AND PROSECUTING ATTORNEYS—FEES.

Under Comp. Laws, 2299, requiring the district attorney to attend
the district courts for the transaction of criminal business and to
attend justice courts when required by the justices of the peace and
conduct prosecutions for public offenses, and under the vagrancy act
of March 5, 1887, sec. 7 (Comp. Laws, 4866), providing that for each
conviction under the act the district attorney shall be entitled to ten
dollars from the county, a district attorney is not entitled to charge a
fee of ten dollars for a conviction under the vagrancy act in a case
which he did not prosecute.

APPEAL from the District Court of the Seventh Judicial District of the State of Nevada, Esmeralda County; *Theron Stevens*, Judge.

Action by Augustus Tilden against Esmeralda County. From a judgment for defendant, plaintiff appeals. **Reversed and remanded.**

The facts sufficiently appear in the opinion.

*Augustus Tilden*, District Attorney, *in pro. per.* for Appellant:

I.   The issue is thus clearly defined: Esmeralda County claims that, as the fees in question were abolished as to Esmeralda County by the act of 1905, the words in the act of 1907 "and such fees and commissions as are now allowed by law" are meaningless, because at the time of its passage there were no fees allowed by law in Esmeralda County. The district attorney claims, first, that, admitting the act of 1905 repealed the fees in question, the repealing clause of the act of 1907 restored them; second, that the act of 1905 was not a repealing but a suspending act, and that the act of 1907 removed the suspension and restored the fees. The latter is the better view, but either view is preferable to one that would render meaningless the words "and such fees and commissions as are now allowed by law." A statute should be so construed that, .if it can be prevented, no clause, sentence, or word should be superfluous, void, or insignificant, but every sentence and word shall be given its ordinary meaning and acceptation. (*Crozer* v. *People*, 206 Ill. 464, 69 N. E. 489.) In construing a statute, every part should, if possible, be upheld and given its appropriate force. (*Andel* v. *People*, 106 Ill. App. 558.) Where one construction leaves a portion of a statute meaningless and nugatory, and another construction gives to the entire statute an intelligible and consistent meaning, the latter will ordinarily be adopted. (*Western Travelers' Acc. Assn.* v. *Taylor*, 62 Neb. 783, 87 N. W. 950.) A statute should be so construed as to give effect to every part thereof. (*Smith* v. *Bryan*, 4 Va. 121, 40 S. E. 652.) The presumption is that every word of a statute has some force and effect. (*Browne* v. *Turner*, 54 N. E. 510.)

II.   The act of 1905 was a suspending, not a repealing, act,

and upon its repeal the suspension ceased.   There is not in Nevada, as in most of the states, a statutory provision that the repeal of a repealing act shall not revive the repealed act. Such an act is in force in Colorado, but the supreme court of that state holds it inapplicable to the repeal of a suspending act.   The difference between repeal and suspension, and the effect of the repeal of a suspending act, are pointed out in a Colorado case parallel in principle with the one at bar. (*Heirssen* v. *State*, 23 Pac. 995; *People* v. *Hunt*, 41 Cal. 435; *Broadhead* v. *Milwaukee*, 19 Wis. 624, 88 Am. Dec. 711; *Pepin Township* v. *Sage*, 129 Fed. 657.)

III.   The statute is too plain for construction: "For such and every legal conviction under this act the district attorney shall be entitled to receive the sum of ten dollars from the county." (Vagrancy Act, Stats. 1877, p. 181, Comp. Laws, 4866.)   In all other misdemeanor cases the district attorney is allowed a fee of fifteen dollars, collectible from the defendant as costs and not chargeable to the county.   (Comp. Laws, 2306.)   It is obvious why the fee in vagrancy cases should be chargeable to the county; the ability to pay such fee would in most cases be itself a defense to the charge of vagrancy.

The district attorney of Esmeralda County is entitled to vagrancy fees, even though he do not personally appear and prosecute.   In the first place, the section above quoted is not hampered by any "ifs or ands." "For each and every legal conviction under this act the district attorney shall be entitled to receive the sum of ten dollars from the county." The act defining the duties of district attorneys plainly contemplates that the business of the justice of the peace office shall usually be conducted without the district attorney's assistance.   It specifically requires him to attend the district courts held in his county for the transaction of criminal business, but says that he shall attend justice courts only when required by justices of the peace.   (Comp. Laws, 2299.)   If not so required, he need not attend, yet the provision in relation to vagrancy fees is none the less peremptory.   (Comp. Laws, 4866.)   It is conceivable that the justice might at all times prefer to conduct his business without the assistance of the district attorney.   The consideration, running from the district attor-

ney to the state, for the vagrancy fee is not alone his actual appearance and participation in the prosecution, but his duty to be ever ready, able and willing so to appear and participate.

*Robert L. Hubbard*, for Respondent:

I.   The district attorney of Esmeralda County in this act was given his salary in the following words: "The district attorney and ex officio superintendent of public schools shall receive $1,800 per annum." And section 2 of said act is as follows: "All acts or parts of acts in conflict with the provisions of this act are hereby repealed." It is very plain that the legislature in passing this act meant to do and did place the district attorney of Esmeralda County on a salary basis and repealed all acts under which he received any fees. The special act of 1905 did not act as a suspension of the general laws as contended by appellant. "The legislature may suspend the operations of the general laws of the state, but when it does so the suspension must be general and cannot be made for individual cases, or particular localities." (Cooley, Const. Lim. 6th ed. p. 482, citing *Holden* v. *James*, 11 Mass. 396; *Davidson* v. *Johonnot*, 7 Metc. 388; *Simonds* v. *Simonds*, 103 Mass. 572.) The act of 1905 was not an exception to Comp. Laws, 2306, 4866. (*Ex Parte Smith*, 40 Cal. 419.)

II.   The act of 1907 did not revive the general law (Comp. Laws, 2308, 4866) in Esmeralda County, and the district attorney is not entitled to any fees under the said section. "The effect of a repealing statute," says a very eminent judge, "I take it to be, is to obliterate the statute repealed as completely from the records of parliament as if it never had passed, and that it must be considered as a law that never existed, except for the purpose of those actions which were commenced, prosecuted, and concluded while it was an existing law." (*Hirsburg* v. *People*, 6 Colo. 147, quoting from Sedgwick, Stat. and Const. Law, p. 109.)

III.   The appellant in this case seeks to invoke the common-law rule "that the repeal of a repealing act restores the act repealed." This principle has no application here for the reason that it is a universal doctrine "that the common law is restored when a statute changing it is repealed." (*Mathewson*

v. *Phœnix Iron Foundry Company*, 20 Fed. 281.)   The doctrine
of the common law that a repeal of the repealing statute
revives the act repealed can only be invoked when a statute is
passed in derogation of the common-law rule, and subsequently
that statute is repealed.   In this event, by the doctrine of the
common law, the common law is restored and operates as for-
merly.   Appellant contends that in the act of 1907 the words
"And such fees and commissions as are now allowed by law"
were sufficient to put in operation the general fees allowed
district attorneys by Comp. Laws, 2306, 4866.   This is not
any declaration or intent sufficient to accomplish the revival
of said fee under said sections, as the Constitution of Nevada,
article 4, section 17, states "that no act of the legislature
could be amended by reference to its title only, but in such
case the act as revised or sections as amended shall be enacted
and published at length." (*State* v. *Elko County*, 23 Pac. 935;
*State* v. *Conkling* 19 Cal. 513; *People* v. *Tyler*, 36 Cal. 523.)

By the Court, NORCROSS, C. J.:

Appellant is the district attorney of Esmeralda County, and
brings this action against said county to recover the sum of
$740 alleged to be due him as fees for official services.   To his
complaint a demurrer was interposed in the lower court and
sustained.   He elected to stand upon the sufficiency of his
complaint, and judgment for costs was entered in favor of the
respondent county.   From the judgment he appeals.

The appeals presents the following questions of law: (1) Is
the district attorney of Esmeralda County entitled, in addition
to his salary, to fees for convictions in felony cases as provided
in Comp. Laws, 2306?   (2) Is he entitled to a fee of $10 for all
convictions in vagrancy cases under the provisions of Comp.
Laws, 4866?

By an act entitled "An act regulating the compensation of
county officers in Esmeralda County in the State of Nevada,"
approved March 15, 1905, it is provided:

"SECTION 1. From and after the approval of this act, the
county officers of Esmeralda County, State of Nevada, named
in this act, shall receive the following salaries and fees in full
compensation for their services:   *   *   *   The district attorney

and ex officio superintendent of public schools shall receive eighteen hundred ($1,800) dollars per annum. * * *

"SEC. 2. All acts or parts of acts in conflict with the provisions of this act are hereby repealed." (Stats. 1905, p. 210.)

By an act entitled "An act pertaining to compensations of county officers in Esmeralda County, in the State of Nevada, and repealing all acts or parts of acts in conflict therewith," approved March 11, 1907, it is provided:

"SECTION 1. From and after the passage of this act the county officers of Esmeralda County, named in this act, shall receive the following salaries, fees and commissions for their services and none other: * * * The district attorney and ex officio superintendent of public schools shall receive $3,000 per annum, and such fees and commissions as are now allowed by law. * * *

"SEC. 2. All acts and parts of acts in conflict with this act are hereby repealed." (Stats. 1907, c. 50.)

It is conceded by respective counsel that prior to the act of 1905, *supra*, the district attorney of Esmeralda County was entitled to the fees pertaining to that office, prescribed in the general laws. The general act relating to the office of district attorney, and which prescribes the duties of that officer, was approved March 11; 1865, and is entitled "An act concerning district attorneys." (Comp. Laws, 2296–2310.) By the twelfth section of this act it is provided: "The district attorney, in addition to the yearly salary allowed by law, shall receive the following fees: For each conviction in capital cases, the sum of one hundred dollars; on conviction of any other felony, fifty dollars, and for a misdemeanor. * * *" (Comp. Laws, 2306.)

By section 7 of an act entitled "An act concerning vagrancy and vagrants," approved March 5, 1877 (Comp. Laws, 4860–4867), it is provided: "For each and every legal conviction under this act the district attorney shall be entitled to receive the sum of ten dollars from the county. * * *" (Comp. Laws, 4866.)

It is the contention of counsel for respondent that the appellant is not entitled to any fees, because by the act of 1905, *supra*, all former laws were repealed, and he was limited

to $1,800, which was his only compensation, and, because the words, "and such fees and commissions as are now allowed by law," used in the statute of 1907, *supra*, could not operate to create a law which did not theretofore éxist, nor could they operate to revive a dead or repealed law; hence, that such words are of no force or effect.

The act of 1905, *supra*, being special, and applicable only to Esmeralda County, did not operate as a repeal of any portion of the general laws applicable to the office of district attorney, but only to suspend the operations of such general laws as to said county, in so far as they were in conflict with the special act.

In Lewis's Sutherland on Statutory Construction, 2d ed. vol. 1, sec. 275, p. 532, the author says: "If the special statute is later, the enactment operates necessarily to restrict the effect of the general act from which it differs. These interpretations harmonize with the rule that when a general intention is expressed, and also a particular intention, which is incompatible with the general one, the particular intention shall be considered an exception to the general one. The special act is in the nature of an exception to the general law and suspends its operation in the field covered by the special act, and when the latter is. repealed the general law operates as if the special law had never existed." (*Santa Barbara* v. *Eldred*, 95 Cal. 378, 30 Pac. 562; *People* v. *Hunt*, 41 Cal. 435; *State* v. *Sawell*, 107 Wis. 300, 83 N. W. 296.)

We do not think it was the intention of the legislature, by section 7 of the vagrancy act, *supra* (Comp. Laws, 4866), to give to district attorneys, as contended, a fee of $10 for every conviction under the act, regardless of whether the district attorney actually prosecuted the case, or even had knowledge that the same was being so prosecuted.

A similar question was presented to the Supreme Court of California in the case of *Edwards* v. *County of Fresno*, 74 Cal. 475, 16 Pac. 239. The court disposed of it in the following apt language: "It will be perceived that the district attorney for Fresno County was by law to be paid for his services a salary, and, in certain cases, fees for convictions. We can discover nothing in our laws relating to the district attorney, his

duties or fees, which permits us to think that the legislature intended the plaintiff here should be entitled to charge and receive the sum of $15, or any other sum, from the County of Fresno, for convictions where he never instituted any proceedings at all, never appeared before the magistrates where the convictions were had, or rendered any service whatever, either by himself or deputy.  The pervading idea that runs through the whole law pertaining to the compensation allowed district attorneys is for services rendered as such.  Where the law allows him a fee for each conviction, it would seem as if a conviction was meant in which the district attorney or his deputy took some part, either by the institution of the proceedings, by being present or aiding at the trial, or in some other way performing some service as district attorney.  In the present instance, the record shows no connection by the district attorney with the convictions for which fees are claimed, except the presentation of his bill to the board of supervisors, and the action brought to cover his alleged fees."

The ordinary vagrancy case is not one which requires the services of the district attorney.  Occasionally a case may arise such that a district attorney should consider it his duty to prosecute it, or his services may be required by a justice of the peace; but, unless so required, no duty is imposed upon him by law to prosecute misdemeanor cases in justices' courts.  The language of the statute is: "He shall attend the district courts held in his county, for the transaction of criminal business; he shall, also, attend justices' courts in his county, when required by the justices of the peace, and conduct all prosecutions on behalf of the people for public offenses." (Comp. Laws, 2299.)

If it were the intention of the legislature to make the district attorney a present of $10 every time there was a conviction in a vagrancy case in his county, one would naturally expect to find some intimation of such intended benefaction in the title of the act.  Section 7 of the vagrancy act should be construed with reference to other statutes *in pari materia* affecting the office of district attorney, and, when so construed, the legislative intent, we think, is manifest.

It is our conclusion that appellant is entitled to fees for

convictions in felony cases, but that he is not entitled to such fees for convictions under the vagrancy act where services were neither performed nor required.

The judgment and order sustaining the demurrer are reversed, and the cause remanded, with directions to the trial court to rule upon the demurrer in accordance with the views in this opinion expressed.