County of Lake, Appellee, v. John F. Cuneo, Appellant.
Gen. No. 10,188.

Opinion filed September 18, 1947. Rehearing denied February 3, 1948. Released for publication February 3, 1948.

CAMPBELL, CLITHERO & FISCHER, of Chicago, and SNYDER & CLARKE, of Waukegan, for appellant; CARLTON L. FISCHER and GERALD C. SNYDER, both of Waukegan, of counsel.

HARRY A. HALL, State's Attorney, for appellee; JOHN BEDROSIAN, of Waukegan, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This suit for injunction, was brought by the County of Lake in the circuit court of Lake county, while the defendant, John F. Cuneo, as trustee, was erecting a barn on land of his *cestui que trust.* The defendant has appealed from the decree making perpetual a temporary injunction directing him to stop construction of the barn, closer than 100 feet from the established center line of State Highway No. 21 (commonly known as Milwaukee avenue), as being contrary to a building, or set back line resolution established by the board of supervisors of Lake county, and that he abate the violation of said resolution within 90 days.

The defendant filed an answer and counterclaim to the complaint. The counterclaim asks for a perpetual injunction against the plaintiff to restrain it from interfering with the defendant in and about the construction of the barn. The plaintiff filed an answer to the counterclaim. Thereafter, the defendant made a motion asking for judgment on the pleadings, which was denied. The plaintiff thereupon made a motion for judgment on the pleadings which was granted and the decree appealed from was rendered.

The parties admit that the land in question is outside the limits of a city, village or an incorporated

town. The defendant admits that the partially com-pleted barn is located 67 feet from the established center line of State Highway No. 21, and about 185 feet north of the main tracks of the Elgin, Joliet and Eastern Railroad Company; that construction of the barn violates the building or set back line resolution of the board of supervisors. It is also admitted by the plaintiff that the barn was to be used for agricultural purposes on land used for the same purpose.

. A summary of pleadings filed in the case shows as follows: On April 25, 1939, the board of supervisors of Lake county adopted an ordinance dividing that county outside the limits of cities, villages and incor-porated towns, into districts, regulating and restrict-ing the location and use of buildings, structures, and land for trade, industry, residence and other specified uses within the districts, said ordinance being com-monly known as the "Zoning Ordinance." The adop-tion of said ordinance was made in pursuance to "An Act in relation to County Zoning," enacted by the General Assembly on June 26, 1935. According to a restriction in the County Zoning Act, the ordinance provides that buildings, structures or land used, or to be used principally for agricultural purposes be exempted from the requirements of the ordinance.

The ordinance establishes a building or set back line for new, relocated or enlarged part of buildings within 100 feet of the established center line of all public roads, within the zoning district, which are classified as "A" roads or streets. That State High-way No. 21 has been designated on the zoning maps, which are a part of said zoning ordinance, as a class "A" road or highway.

On April 25, 1939, the board of supervisors of Lake county adopted a resolution in words and figures as follows:—

"Set back Resolution."

"Whereas, the 1933 General Assembly adopted an act entitled 'An Act to authorize and empower county

boards to establish building or set back lines on or along any road, street, trafficway, drive or parkway outside the corporate limits of cities, villages and incorporated towns,' and Whereas, the purpose for granting this authority as stated in said Act is 'that adequate safety may be secured and the congestion of public roads, streets, trafficways, drives and parkways may be lessened or avoided.'

"Therefore, Be It Resolved by the Board of Supervisors of Lake County, Illinois: No building, structure or concrete, stone or masonry wall (but not including wire or open wood fences) shall be erected, structurally, altered, or placed so that any part thereof, is nearer to the established center line of any adjoining public street or highway, than the distance specified in the County Zoning Ordinance for such street or highway. The requirements of this resolution shall be enforced by the enforcing officer of the Zoning Ordinance as provided in the State Act."

The Act of 1933, exclusive of the title, which is correctly set forth in the foregoing resolution, provides in section one, as follows:

"In addition to the existing power and to ·the end that adequate safety may be secured and the congestion of public roads, streets, trafficways, drives and parkways may be lessened or avoided, the county board of each county is authorized and empowered to establish, regulate and limit the building or set back lines on or along any road, street, trafficway, drive or parkway in the county outside the corporate limits of any city, village or incorporated town, as may be deemed best suited to carry out the provisions of this Act. The powers given by this Act shall not be exercised so as to deprive the owner of any existing property of its use or maintenance for the purpose to which it is then lawfully devoted."

Sections two, three and four of the Act of 1933, respectively, provide for the designation by resolution

of the county board of an officer to enforce the provisions of a resolution passed under the Act; provide for method of amendment of resolutions passed under the Act; and, for the method to be instituted to restrain the construction of any building, and abate the same, in case such construction violates a resolution or regulation adopted by a county board under authority of the Act.

The defendant by his pleadings contested the case in the trial court, and also here contends, that the Act of 1933 was by implication repealed by the County Zoning Act of 1935; that the county board of Lake county was, therefore, not vested with power to adopt a resolution fixing a building or set back line excepting as such power is conferred on the board by the County Zoning Act.

The County Zoning Act provides that county boards in counties which desire to exercise the powers conferred by the Act, shall provide for a zoning commission of not less than nine members. The commission shall prepare a tentative report and proposed zoning ordinance or resolution for the entire county outside the limits of cities, villages and incorporated towns. After public hearings on the proposed ordinance, and within 30 days after the final adjournment of such hearings, the commission shall make a final report and submit a proposed ordinance, or resolution to the county board. The county board may enact the ordinance or resolution with, or without change, or may refer it back to the commission for further consideration.

The Act also states and provides, in part as follows: —"For the purpose of promoting the public health, safety, morals, comfort and general welfare, conserving the values of property throughout the county, and lessening or avoiding congestion in the public streets and highways, the board of supervisors or board of county commissioners, as the case may be, of each

county, shall have the power to regulate and restrict the location and use of buildings, structures and land for trade, industry, residence and other uses which may be specified by such board, to regulate and restrict the intensity of such uses, and to establish building or set back lines outside the limits of cities, villages and incorporated towns." . . . "The powers by this Act given shall not be exercised so as to deprive the owner of any existing property of its use or maintenance for the purpose to which it is then lawfully devoted; nor shall they be exercised so as to impose regulations or require permits with respect to land used or to be used for agricultural purposes, or with respect to the erection, maintenance, repair, alteration, remodelling or extension of buildings or structures used or to be used for agricultural purposes on such land."

■ The question whether the county board of Lake county had the power to adopt the building line resolution under the Act of 1933, and the validity of the resolution is duly presented by the pleadings in this case.

■■ Under the terms of the County Zoning Act the adoption of a zoning ordinance by a county board is left to the judgment of each county board. The County Zoning Act becomes effective and binding on a county board which adopts a zoning ordinance in the manner provided by the Act. When a county board regularly adopts a zoning ordinance, the conditions and restrictions of the County Zoning Act, which is the source of power of county boards to pass a zoning ordinance, become binding on such board.

■■ We do not think that it was the intention of the legislature by its enactment of the County Zoning Act that the general Act of 1933 should be so construed as to empower a county board by the adoption of a zoning ordinance to nullify the conditions and restrictions of the County Zoning Act. It was the inten-

tion of the legislature that a county board which decided to come under the terms of the Act by the adoption of a zoning ordinance should be bound by the powers, conditions and restrictions contained in the Act. To hold otherwise, would nullify the restrictions and conditions of the County Zoning Act.

The question presented by this case is, has the board of supervisors of Lake county, after having adopted a zoning ordinance under the terms of the County Zoning Act, the power to adopt a resolution establishing a building or set back line under the power granted by the general Act of 1933 entitled, "An act to authorize and empower county boards to establish building or set back lines on or along any road, trafficway, drive or parkway outside the corporate limits of cities, villages and incorporated towns."

The provisions of the County Zoning Act apply and they are in force in counties whose county board has adopted a zoning ordinance in the manner prescribed by the Act. The Act is a special one relating to one subject. It is a well-settled rule of construction that where there are two provisions, one of which is general and designed to apply to cases generally, and another is particular and relates only to one subject, the particular provision must prevail and must be treated as an exception to the general provision. Where a special Act is repugnant to or inconsistent with a former general statute, a *pro tanto* repeal of the prior enacted general statute will be implied or an exception will be grafted upon the earlier Act by the later one. *People v. Missouri Pac. R. Co.,* 342 Ill. 226, 228. A later particular statute relating only to one subject repeals an earlier general law to the extent of any irreconcilable conflict between their provisions, or, in other words, engrafts on the general statute an exception to the extent of the inconsistency. (*City of Chicago v. Chicago Great Western R. Co.,* 348 Ill. 193.) The repeal by implication of one Act by a later Act

is not effected by mere conflicts or inconsistencies between them, but only where the carrying out of the latter Act prevents the enforcement of any part of the former. To the extent they are in conflict the first Act is repealed, but the parts of the first Act not affected remain in force and effect. *City of Geneseo v. Illinois Northern Utilities Co.,* 378 Ill. 506, 529.

In the case of *Tilden v. Esmeralda,* 32 Nev. 319, 107 Pac. 881, the Supreme Court of Nevada in a similar case, used this language: "If the special statute is later, the enactment operates necessarily to restrict the effect of the general act from which it differs. These interpretations harmonize with the rule that when a general intention is expressed, and also a particular intention, which is incompatible with the general one, the particular intention shall be considered an exception to the general one. The special act is in the nature of an exception to the general law and suspends its operation in the field covered by the special act, and when the latter is repealed the general law operates as if the special law had never existed." *Santa Barbara v. Eldred,* 95 Cal. 378, 30 Pac. 562; *People v. Hunt,* 41 Cal. 435; *State v. Sawell,* 107 Wis. 300, 83 N. W. 296. Lewis' Sutherland on Statutory Construction (2d Ed.) vol. 1, sec. 275, p. 532.

The restriction of the County Zoning Act that the power of county boards to establish building or set back lines shall not be exercised with respect to buildings used for agricultural purpose, as hereinbefore stated, in the field of its operation suspends the power given by said Act of 1933.

The Supreme Court in the case of *2700 Irving Park Bldg. Corp. v. City of Chicago,* 395 Ill. 138, has held that injunctive relief is a proper remedy to prevent the enforcement of an invalid zoning ordinance.

The decree of the circuit court of Lake county making perpetual the temporary injunction restraining the defendant from completing the barn closer than 100 feet from the established center line of State

Highway No. 21, on the premises described in the complaint filed in this case, is reversed and the suit remanded to said circuit court with directions to enter judgment on the pleadings in favor of the defendant, and that the permanent injunction asked for by the defendant in his counterclaim be issued as therein prayed.

*Reversed and remanded with directions.*